2023 IL App (1st) 221183-U

No. 1-22-1183

Second Division
September 26, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THEODORE THOMPSON, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21 MI 117212 |
| TONNETTE JONES, | ) ) | |
| Defendant-Appellant. | ) ) ) ) | Honorable James T. Derico, Jr. Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's judgment in favor of the plaintiff for breach of contract is affirmed where the record on appeal does not include a transcript of the trial court proceedings and the court's denial of defendant's motion for reconsideration of the judgment was not an abuse of discretion.

¶ 2    Plaintiff, Theodore Thompson, filed a complaint for small claims in the circuit court of Cook County against defendant, Tonnette Jones, alleging breach of a construction or home improvement contract. Following a bench trial, the trial court entered judgment for plaintiff.

Defendant subsequently filed a motion to reconsider the judgment, which was denied by the court. On appeal, defendant contends that the court erred in denying her motion to reconsider, and that the trial court's ultimate judgment for breach of contract against her was in error. For the reasons that follow, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4      The factual background is derived from the limited record on appeal, which includes the common law record and a transcript of the brief proceedings on defendant's motion to reconsider.

¶ 5      On June 12, 2021, plaintiff and defendant entered into a contract for the removal and installation of new vinyl siding on various parts of defendant's residential property in Cook County, Illinois.[1] The projected cost of the work was $16,448.50.[2]

¶ 6      Work on the property began on July 1, 2021, and was completed on July 5. On the date of completion, plaintiff presented defendant with an invoice for labor costs estimated at $10,248.50. On July 6, 2021, defendant paid plaintiff $2000. On July 25, 2021, defendant paid an additional $2500 on the invoice, leaving a remaining balance of about $5748.50.

¶ 7      On August 1, 2021, plaintiff sent defendant an email entitled "Demand for Balance." The e-mail stated that this was a "final attempt to collect monies owed" and further served as a "Notice of Intent to place a [l]ien against" defendant's property. The e-mail further advised defendant that

---

[1] Throughout the record and in their briefs, both parties reference a contract between them that was apparently signed on June 12, 2021. However, no such signed contract appears in the record; what does appear is an exhibit entitled "Terms and Conditions." Notably, a paragraph within this exhibit entitled "Scope of Work" indicates that the contractor was to provide "all services, *materials*, labor, *tools*, and equipment needed for completion of services." (Emphasis added.) Additionally, in that same exhibit within a paragraph entitled "Change Order," the following text appears: "Any deviation from the above quote involving a *change in the scope of work* or *any additional costs* will be executed only with a written change order signed and dated by both the Company and Customer." (Emphasis added.)

[2] It was further alleged that sometime in June 2021, defendant purchased her own materials for the project.

she had ten business days to pay the remaining balance of $5748.50 before plaintiff would seek legal action.

¶ 8 On August 16, 2021, plaintiff filed a complaint for breach of contract against defendant, seeking the remaining balance due under the contract, as well as court costs. Attached to the complaint as exhibits were plaintiff's two-page quote for the proposed work on the property; a list of "terms and conditions"; the e-mailed "Demand for Balance"; and a copy of a text message dated June 12, 2021, from defendant to plaintiff, wherein defendant stated that she signed the quotes and returned them to plaintiff.

¶ 9 On August 27, 2021, defendant filed a *pro se* appearance. No answer to the complaint appears in the record. The record does contain a variety of exhibits apparently filed by defendant, including copies of various receipts and invoices from the Home Depot in the amount of $2324.96; photographs of her property; and an e-mail dated July 15, 2021, between defendant and a representative from her insurance company, Travelers Insurance, which discussed the representative's concerns for the high cost of the project.

¶ 10 Trial was set for February 24, 2022, via "Zoom"[3] On February 28, 2022, the trial court entered a written order, marked "final and appealable," indicating that trial had been held and that judgment was entered for the plaintiff in the amount of $5398.50, with each party to bear their own costs.

¶ 11 On March 25, 2022, defendant timely filed a motion to reconsider. Therein, after first setting forth the proper basis for a motion for reconsideration, defendant argued that the court had

---

[3]The record does not include a transcript of the trial proceedings.

"made two errors when applying existing law to the facts" of her case.[4] Defendant claimed that the trial court had failed to consider evidence that the plaintiff had also not substantially complied with the terms of the contract. Specifically, according to defendant, plaintiff had failed to "change the corners, J-channels, and edge flashing" as delineated within the contract, and that, although plaintiff had instructed her to purchase and pick up various materials from Home Depot and Menard's, plaintiff had failed to delineate other needed materials. Therefore, without such materials, plaintiff had failed to complete remaining parts of the job.

¶ 12     Arguing that it was plaintiff who had actually breached the contract, defendant additionally contended that plaintiff had provided substandard workmanship for which defendant had to incur further expenses to correct the work. Defendant asserted that she had consulted with another contractor regarding the state of her property, and she had been quoted an additional $8500 in labor costs alone. In support of her motion, defendant attached various exhibits, including new and previously filed receipts from Home Depot and Menard's, various pages of the quotes and invoices between plaintiff and herself, and a letter from another contractor dated March 4, 2022, detailing her new expected costs.

¶ 13     Plaintiff filed a response, arguing that the court's judgment was not in error, and that defendant's motion merely presented the same arguments made at trial and therefore did not constitute newly discovered evidence. Plaintiff further argued that, because defendant had "decided to buy her own material[,]" plaintiff had only been contracted for "labor purposes" to replace the damaged vinyl siding on the south and east sides of the property. Plaintiff also pointed

---

[4]Although defendant's motion for reconsideration charges the trial court with having made two errors, the motion appears to only argue one basis for error, namely that the court failed to consider various evidence at trial.

out that defendant's insurance company, Travelers, had inspected the work on the home once completed, and had subsequently issued two checks to defendant thereafter, indicating that the job had been successful. In support of his response, plaintiff attached, among other items, the previously filed "terms and conditions" of the project.

¶ 14    On June 23, 2022, a hearing was held over Zoom on defendant's motion to reconsider. The brief transcript indicates that defendant was provided some time for argument. In addition to reiterating the contents of her motion, defendant also pointed out, for what appeared to be the first time, that the terms and conditions of the project required that, for "any deviation" from the original quote which involved a "change in the scope of the work or any additional cost," such change had to be executed with a "written change order" that was signed and dated by both the parties. Defendant asserted that this had never happened after she bought her own materials for the project.

¶ 15    After hearing argument, the trial court orally denied the motion. The court stated that although there "may have been some evidence that was not admissible" at trial, it had nevertheless "considered all admissible evidence" and "judged the credibility of the witnesses." With regard to defendant's argument about the scope and quality of the work, the court observed that defendant had not introduced "any type of professional expert who would basically testify to the deficiencies in the work[,]" which it considered to be "one of the major flaws in [the] case." As such, the court held that, "for the reasons *** stated, as well as the reasons outlined at trial[,]" the motion was denied.

¶ 16    On July 12, 2022, the trial court issued a written order denying defendant's motion to reconsider. Subsequently, defendant, proceeding *pro se*, filed this timely appeal.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, defendant contends that reversal of the trial court's judgment is required for two reasons. First, she argues that the court erred in denying her motion to reconsider. In that regard, she cites specifically to the court's ruling in which the court allegedly commented that expert testimony was required to determine whether plaintiff had failed to perform pursuant to the parties' contract. She maintains that the court erred as expert testimony was not necessary to determine whether plaintiff failed to fulfill its obligation. Because the trial court erred in its application of existing law to the facts, defendant argues reversal of the court's denial of the motion for reconsideration is required.

¶ 19    Second, she contends that plaintiff breached the contract. In that regard, she argues that plaintiff failed to replace the siding in a workman-like manner. She points out that plaintiff's failure to substantially perform under the contract will require her to expend additional dollars to properly complete the work. Thus, she maintains, reversal is required.

¶ 20    In his response brief, plaintiff does not respond to either of defendant's contentions on appeal. Instead, utilizing our supreme court's Approved Standardized Form for appellee's briefs, he provides a statement of facts, attaches an exhibit consisting of his response to plaintiff's motion for reconsideration, and concludes with a request that the trial court's judgment be affirmed, the appeal dismissed, and he be awarded monetary relief and court costs.

¶ 21    Notwithstanding the absence of a proper response, based upon our review, we find no basis upon which to reverse either the trial court's ultimate judgment following trial or its ruling on the motion for reconsideration. We begin our analysis, first, with defendant's second argument on appeal, that reversal of the court's judgment is required because plaintiff breached the contract by failing to substantially comply with its terms.

¶ 22                                A. Breach of Contract

¶ 23    In this appeal, defendant argues that pursuant to the contract, plaintiff was required, but failed, to change the "Corners, J-Channels and Edge Flashing." As a result, defendant maintains, she will incur additional costs to correct plaintiff's work. Thus, defendant does not believe she should be required to pay plaintiff any more money than that which she has already paid. Accordingly, she contends that plaintiff "is not entitled to recover the breach of contract damages he has requested."

¶ 24    Typically, the standard of review in a bench trial is whether the judgment is against the manifest weight of the evidence, and a reviewing court will not substitute its judgment for that of the trial court unless " 'the opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence.' " *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 859 (2008) (quoting *Judgment Services Corp. v. Sullivan*, 321 Ill. App. 3d 151, 154 (2001)). The trial judge is the trier of fact and in the best position to assess the credibility of witnesses and determine the weight of their testimony. *Id.* An appellate court will not disturb the trial court's factual findings unless a contrary finding is clearly apparent. *Id.* "Where an award of damages is made after a bench trial, the standard of review is whether the trial court's judgment is against the manifest weight of the evidence." *1472 N. Milwaukee, Ltd. v. Feinerman*, 2013 IL App (1st) 121191, ¶ 13. Thus, in overturning a damages award, "a reviewing court must find that the trial judge either ignored the evidence or that its measure of damages was erroneous as a matter of law." *Id.*

¶ 25    That said, "[it] is well established that, on appeal, the party claiming error has the burden of showing any irregularities that would justify reversal." *In re Linda B.*, 2017 IL 119392, ¶ 43. "It is appellant's burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and any doubts that arise from the incompleteness of the record will be

resolved against the appellant." *Id.*; see Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) ("The record on appeal shall consist of the judgment appealed from, the notice of appeal, and the entire original common law record. *** The record on appeal shall also include any report of proceedings prepared in accordance with [Illinois Supreme Court] Rule 323."); see Ill. S. Ct. R 323(a) (eff. July 1, 2017) ("A report of proceedings may include evidence, oral rulings of the trial judge, [and] a brief statement of the trial judge of the reasons for his [or her] decision[.] *** The report of proceedings shall include all the evidence pertinent to the issues on appeal."); see also Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) ("If no verbatim transcript of the evidence of proceedings is obtainable[,] the appellant may prepare a proposed report of proceedings from the best available sources, including recollection" or in the form of a bystander's report or agreed statement of facts.).

¶ 26    Here, the record on appeal does not contain a transcript, or the equivalent of a transcript of the trial proceedings. Particularly relevant here, "[a]n issue relating to a [trial] court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceedings." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Because the record before us is incomplete, we cannot conduct a "meaningful appellate review" of defendant's contentions. See *Amos Financial, LLC v. Szydlowski*, 2022 IL App (1st) 210046, ¶ 27. In the absence of an adequate record, we must "presume that the [trial] court's order had a sufficient factual basis and that it conforms with the law." *Id.* Accordingly, based on the record before us, we must affirm the court's judgment. See *Foutch v. O'Bryant,* 99 Ill. 2d 389, 393 (1984).

¶ 27                    B. Motion for Reconsideration

¶ 28    We next address defendant's claimed error regarding the trial court's denial of her motion for reconsideration. Defendant first argues that the trial court "erred in its application of existing law when ruling on plaintiff's claim for breach of contract." As support for her argument, she

directs our attention to the trial court's comments following her argument on the motion regarding the absence of testimony from a professional expert. She then contends that the trial court erroneously denied her motion for reconsideration on the basis that, at trial, she failed to present any expert testimony concerning deficiencies in plaintiff's work. Quoting *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20, she states, "where a motion to reconsider only asks the trial court to reevaluate its application of the law to the case as it existed at the time of judgment, the standard of review is *de novo*." Having presumably framed the issue as one involving an application of law, she entreats us to reverse the trial court's order denying the motion as she was not required to present expert testimony to prove plaintiff "failed to fulfill his obligations under the contract."

¶ 29    "The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the court's application of the law." *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. The appellate court's review of a trial court's denial of a motion for reconsideration following a bench trial is for abuse of discretion, although our review can lead to the application of other standards of review, depending on whether the underlying issue being reconsidered is legal or factual. *2460-68 Clark, LLC v. Chopo Chicken, LLC,* 2022 Il App (1st) 210119, ¶ 35 (citing *Shulte v. Flowers*, 2013 IL App (4th) 120132, ¶ 24).

¶ 30    We note at the outset that, although defendant argued in her motion for reconsideration and here on appeal that it was plaintiff who breached the contract, no counterclaim against plaintiff has been filed in this case. Again, we note that there is no record of the trial proceedings provided for our review. Thus, regardless of whether our review of the court's denial of the motion is *de novo* or for abuse of discretion, no different result would yield. For even if the court's stated basis for

its ruling on the motion was in error, and we hasten to add that it was not, there is nothing in this record to support a finding that its ruling at trial was based on an erroneous application of the law.

¶ 31 At the hearing on the motion, the court inquired of defendant regarding what evidence she did not have available at the time of trial that she thought would change the outcome. In response, defendant stated that it was not the case that she did not have evidence, "but it was the evidence that was not considered." Defendant alluded to certain receipts she had presented at trial; argued that certain work was not completed by plaintiff pursuant to the "original" contract; and, that plaintiff made unilateral and unagreed to changes in the contract.

¶ 32 The court commented "I remember specifically noting that, unfortunately [defendant] did not have any type of professional expert who would testify to the deficiencies in the work," and that "that was one of the major flaws in [defendant's] case." At the conclusion of the hearing, the court stated that, at trial, it had "considered all the evidence and judged the credibility of the evidence," and that "for the reasons outlined at trial," defendant's motion was being denied.

¶ 33 Again, absent a complete record of the trial court proceedings, we cannot know the full extent of the court's reasons for its ruling at trial and we decline any speculation. It appears to us that the court's comments regarding expert testimony were no more than a reflection of its thoughts during trial, apparently related to the scope and quality of plaintiff's work. Given the whole of the court's comments at the hearing on the motion, we are not persuaded that the court's judgment in favor of plaintiff at trial hinged on defendant's failure to present any expert testimony. Defendant has presented nothing to support her claim of error in the court's application of existing law.

¶ 34 Defendant's motion for reconsideration presented no newly discovered evidence, no change in existing law, and no error in the court's application of existing law. Thus, we find no abuse of discretion in the trial court's denial of defendant's motion for reconsideration.

¶ 35    Last, we address the parties' concerns for costs associated with this appeal. Plaintiff tangentially notes in his response brief that he is *pro se* and has had to expend time to represent himself during these proceedings, which "has resulted in a loss of income." Defendant, also *pro se*, makes a clearer request for costs in her reply brief. However, we grant neither request, defendant's, because her appeal has ultimately been unsuccessful, and plaintiff's, because we do not find defendant's appeal to be frivolous and taken in bad faith. See Ill. S. Ct. R. 374(a) (eff. July 1, 2017) (if an appeal is dismissed, costs are assessed against the appellant unless otherwise agreed to by the parties or excused by the court for good cause); see also Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994) (authorizing sanctions for frivolous or bad faith appeals).

¶ 36                                III. CONCLUSION

¶ 37    Accordingly, the judgment of the trial court in favor of the plaintiff for breach of contract is affirmed. Court costs to be borne by each party.

¶ 38    Affirmed.