2024 IL App (2d) 230256-U
No. 2-23-0256
Order filed April 17, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| EXPERT ROOFING, INC., | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-LA-212 |
| | ) | |
| STEVE GERAMBIA and | ) | |
| NATALIE GERAMBIA, | ) | Honorable |
| | ) | Kevin G. Costello, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  In defendants' appeal from a judgment after a bench trial on plaintiff's claim for breach of contract, we hold that (1) plaintiff's suit was properly brought in the law division of the circuit court, given the amount of damages plaintiff sought; (2) defendants forfeited their claim that the contract violated statutory requirements, because they failed to raise that claim below; and (3) the record on appeal is inadequate to determine whether the evidence at trial supported the trial court's judgment, because defendants failed to include a report of the trial proceedings.

¶ 2    Following a bench trial in the circuit court of McHenry County, the trial court entered a judgment in favor of plaintiff, Expert Roofing, Inc., on its claim against defendants, Steve Gerambia and Natalie Gerambia, for breach of contract. Defendants contend that (1) plaintiff filed

its action in the wrong division of the circuit court, (2) the parties' contract violated section 15 of the Illinois Home Repair and Remodeling Act (Act) (815 ILCS 513/15 (West 2020)), and (3) the judgment entered after the bench trial was against the manifest weight of the evidence. We affirm because (1) the action was properly filed in the law division of the circuit court; (2) defendants never raised in the trial court any challenge under the Act and, thus, forfeited the issue on appeal; and (3) defendants failed to provide any record of the bench trial, thus precluding our review of the evidence at the trial.

¶ 3                               I. BACKGROUND

¶ 4      On May 24, 2021, plaintiff filed a three-count second amended complaint (complaint) against defendants, alleging breach of a written contract (count I), unjust enrichment (count II), and *quantum meruit* (count III). The complaint alleged that, after defendants experienced hail and storm damage to their house, plaintiff helped defendants file a claim with their insurer, State Farm Insurance Company (State Farm), which approved repair and replacement work totaling $17,841.65. Thereafter, defendants signed a written contract with plaintiff to provide roofing and other home improvement work. The contract provided that (1) the cost of the work would be the amount previously approved by State Farm plus any "supplements" it thereafter approved, (2) plaintiff was entitled to recover interest of 1.5% per month on any unpaid balance, and (3) the prevailing party in any litigation for breach of the contract would be entitled to attorney fees and costs.

¶ 5      According to the complaint, State Farm approved supplements that brought the total costs under the contract to $59,498.89. The complaint further alleged that defendants authorized plaintiff to perform additional work ("upgrades"), totaling $2554.25, which was outside the scope of the work approved by State Farm. Defendants also decided that plaintiff would not perform

certain work approved by State Farm, and, thus, defendants would receive a credit of $3095.15 toward the amount they ultimately owed plaintiff for work performed on the home.

¶ 6 The complaint further alleged that plaintiff performed all work under the contract, including the approved supplemental work and upgrades. Plaintiff thereafter submitted to defendants an invoice for $58,957.99, detailing (1) the work approved by State Farm, as supplemented; (2) the upgrades; and (3) the credit for the work not performed, as requested by defendants. Defendants tendered $100 as payment, which reduced the balance sought to $58,857.99. Despite plaintiff's demand, defendants failed to make any further payment toward the balance due under the contract. Plaintiff alleged that State Farm paid defendants $58,117.89, representing the total amount approved by State Farm minus defendants' deductible.

¶ 7 Plaintiff's complaint, filed in the law division of the circuit court, sought damages exceeding $50,000 plus interest and attorney fees.

¶ 8 On January 11, 2023, the trial court entered an order stating that the matter was before the court for status and that both plaintiff and Natalie Gerambia were present via Zoom. The order set the matter for trial on June 1 and 2, 2023, and directed plaintiff's counsel to e-mail a copy of the order to defendants, who were *pro se*. The common law record includes a notice of entry of order, dated January 12, 2023, stating that plaintiff's counsel e-mailed the January 11, 2023, order to Natalie Gerambia and sent it via U.S. mail to both Natalie and Steve Gerambia at the same address.

¶ 9 Between January 11, 2023, and June 1, 2023, the scheduled trial date, defendants filed nothing in the trial court. More importantly, they did not seek an extension of time or request a trial date continuance.

¶ 10 On June 1, 2023, the trial court entered an order noting that plaintiff answered ready for trial and its witnesses were present. The order further noted that defendants failed to appear and

that the matter proceeded to trial, where plaintiff presented evidence. Afterwards, the court found in favor of plaintiff and against defendants on the contract claim (count I) and awarded plaintiff damages of $58,857.99, interest of $34,490.79, and attorney fees of $8369. The court then dismissed counts II and III.

¶ 11    The common law record also contains a notice of entry of order, dated June 20, 2023, stating that plaintiff sent defendants a copy of the June 1, 2023, order by e-mail and U.S. mail. Thereafter, plaintiff sought to enforce its judgment. The next filing by defendants, on July 27, 2023, was a motion to claim an exemption under nonwage garnishment proceedings, which plaintiff had initiated. The trial court granted defendants' motion. Defendants never moved for reconsideration of, or sought to vacate, the June 1, 2023, judgment. Instead, on August 2, 2023, they filed a motion to file a late notice of appeal, which we granted.

¶ 12    On August 29, 2023, plaintiff filed a motion seeking to include in the trial record several exhibits plaintiff introduced at the June 1, 2023, trial. Plaintiff explained that, because his counsel had been advised that the trial court did not retain the trial exhibits, plaintiff sought leave of court to refile those exhibits with the trial court so that they would be "included in the record on appeal."

¶ 13    The common law record contains an order stating that, on September 14, 2023, the trial court conducted a hearing on plaintiff's motion to include the exhibits and that plaintiff's counsel appeared in person and defendants appeared via Zoom. The September 14 order continued the matter to September 15, 2023. The September 14 order also directed plaintiff to serve the court and defendants via e-mail with copies of the proposed exhibits. On September 15, 2023, the court entered an order granting plaintiff's motion to include the exhibits. The September 15 order noted that plaintiff was present and that defendants had been duly notified.

¶ 14                                   II. ANALYSIS

¶ 15    On appeal, *pro se* defendants contend that we should reverse the judgment against them because (1) plaintiff improperly filed the action in the law division of the circuit court, (2) the contract violated section 15 of the Act, and (3) the judgment was against the manifest weight of the evidence.  In its response brief, plaintiff asks us to strike portions of defendants' opening brief for violations of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020).  Plaintiff has also separately moved to strike defendants' reply brief in its entirety, also for violating Rule 341.

¶ 16    We begin with plaintiff's requests to strike.  Illinois Supreme Court rules are not mere suggestions but have the force of law and must be followed.  *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37.  Where a brief has failed to comply with the rules, we may strike portions of the brief or dismiss the appeal, should the circumstances warrant.  *Ittersagen*, 2021 IL 126507, ¶ 37.  However, if violations of Rule 341 do not hinder our review, we will decline to strike the brief.  *Mikoff v. Unlimited Development, Inc.*, 2024 IL App (4th) 230513, ¶ 19.

¶ 17    Here, although defendants' briefs do not comply with Rule 341, the shortcomings do not hinder our review, and therefore, we decline to strike any part of either brief.

¶ 18    We next address defendants' contention that plaintiff should not have filed the action in the law division of the circuit court, because the potential damages were less than $50,000.  Defendants are mistaken.  Because plaintiff sought damages over $50,000, the action was properly brought in the circuit court's law division.  See 22nd Judicial Cir. Ct. R. 3.10 (Apr. 12, 2022).

¶ 19    Next, defendants contend that the contract violated section 15 of the Act.  We do not address that contention.  Defendants never raised in the trial court any argument or defense under section 15 of the Act.  Accordingly, that claim has been forfeited and cannot be raised for the first time on appeal.  See *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 127 (2010).

¶ 20      That leaves defendant's contention that the judgment was against the manifest weight of the evidence.  Under the manifest-weight-of-the-evidence standard, a reviewing court will not disturb the trial court's judgment rendered after a civil bench trial unless the opposite conclusion is apparent or where the court's findings are unreasonable, arbitrary, or not based on the evidence. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise, Ltd.. USA*, 384 Ill. App. 3d 849, 859 (2008). We also apply the manifest-weight standard to an award of damages made after a bench trial.  *1472 N. Milwaukee, Ltd. v. Feinerman*, 2013 IL App (1st) 121191, ¶ 13.

¶ 21      That said, "[i]t is well established that, on appeal, the party claiming error has the burden of showing any irregularities that would justify reversal."  *In re Linda B.*, 2017 IL 119392, ¶ 43. It is the appellant's burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and any doubts arising from the record's incompleteness will be resolved against the appellant.  *Linda B.*, 2017 IL 119392, ¶ 43; see Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (the record on appeal shall include any report of proceedings prepared in accordance with Rule 323); see also Ill. S. Ct. R. 323(a) (eff. July 1, 2017) ("The report of proceedings shall include all the evidence pertinent to the issues on appeal.").

¶ 22      Here, the record on appeal does not contain a transcript (or proper substitute) of the June 1, 2023, bench trial.  See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) (if no transcript is available, a party can substitute an agreed statement of facts or a bystander's report).[1]  Because the record

_____

[1]Defendants assert in their reply brief that, at the September 14, 2023, hearing on plaintiff's motion to include trial exhibits in the record, plaintiff's counsel agreed that the record on appeal was complete.  However, because defendants have failed to include any record of the September 14 hearing, we cannot verify whether plaintiff's counsel made such a statement.  Further, plaintiff's

before us is incomplete, we cannot conduct a meaningful appellate review of defendants' challenge to the sufficiency of the evidence. Absent an adequate record, we presume the judgment had a sufficient factual basis and conformed with the law. See *Amos Financial, LLC v. Szydlowski*, 2022 IL App (1st) 210046, ¶ 27.

¶ 23 Lastly, we note that defendants suggest, without any meaningful development, that they did not attend the June 1, 2023, trial because they were misled by an online entry in the circuit court stating that the trial date had been continued to June 8, 2023. However, the record does not indicate that defendants raised that issue in the trial court or sought to have the judgment vacated on that basis. Thus, the issue is forfeited. See *Hytel Group, Inc.*, 405 Ill. App. 3d at 117. Moreover, the common law record clearly establishes that the trial date was set for June 1, 2023, that defendants were properly notified of that date, and that there was no continuance, either sought or granted, of the trial date.

¶ 24                                  III. CONCLUSION

¶ 25 For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 26 Affirmed.

---

motion sought only to add trial exhibits to the record, and the order granting that motion did not mention any other part of the record on appeal. More importantly, irrespective of plaintiff's motion to include exhibits as part of the record, it remained defendants' burden to provide an adequate record on appeal.