ROCK ISLAND COUNTY, as Trustee, *et al.*, Plaintiffs-Appellees, v. RICHARD BOALBEY, Defendant-Appellant.

Third District   No. 3—92—0370

Opinion filed March 19, 1993.—Rehearing denied April 14, 1993.

Richard M. Boalbey, of Rock Island, appellant *pro se.*

Dennis Faust, Assistant State's Attorney, of Rock Island, for appellee Rock Island County.

Stephen P. Schrimpf, of Edwardsville, for appellee Lester Carlson.

JUSTICE SLATER delivered the opinion of the court:

The plaintiffs, Rock Island County, as trustee, and Lester Carlson, filed a petition for tax deed to the property of the defendant, Richard Boalbey, to recover delinquent taxes for 1987 and prior years. It further appears from the brief record before this court that the defendant thereafter filed a number of motions which challenged the plaintiffs' action on several grounds. The trial court ultimately granted the plaintiffs' petition and denied the defendant's various motions. The defendant appeals.

On appeal, the *pro se* defendant raises several arguments, among them that the circuit court lacked jurisdiction; that he was denied his right to a jury trial; that the trial court's decision was arbitrary and violated the "principles of constitutionalism"; and that the property tax violates the fifth and fourteenth amendments to the United States

Constitution and several sections of article 1 of the Illinois Constitution. He further argues that the manner in which tax dollars are applied violates the United States and Illinois Constitutions; that Rock Island has an unconstitutional form of government which therefore has no taxing power; and that section 216 of the Revenue Act (Ill. Rev. Stat. 1991, ch. 120, par. 697) titled "Liens of Taxes" violates the "takings" clauses of the United States and Illinois Constitutions. Finally, the defendant argues that sections 253 and 272a of the Revenue Act (Ill. Rev. Stat. 1991, ch. 120, pars. 734, 753a) are unconstitutional as applied to him, and that section 245 of the Revenue Act (Ill. Rev. Stat. 1991, ch. 120, par. 726) is vague or, alternatively, that the "amount of the penalty (interest) is in violation of section [245]."

In his statement of facts, the defendant merely notes what he apparently argued before the trial court without any citation to the record. Additionally, the record on appeal consists of only the common law record. In the argument portion of his brief, the defendant makes conclusory statements without citation to authority or references to the record. Following the argument portion, the defendant concludes his brief with a list of general citations to authorities which he does not relate back to his argument. We find that the defendant's brief and the record on appeal are inadequate to review any of the defendant's contentions.

While *pro se* litigants are held to a lesser standard in complying with the rules for appealing to the appellate court, there is a minimum which even they must meet before the appellate court can adequately review the lower court's decision. For example, the burden is on the appellant to provide a record of the trial court proceedings sufficient for reviewing the issues raised on appeal. (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246.) In the absence of an adequate record, it is presumed that the trial court's judgment conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.

Here, the defendant has only filed the common law record with this court. He has failed to file a report of proceedings or bystander's report pursuant to Supreme Court Rule 323 (134 Ill. 2d R. 323). Thus, the record does not reflect what evidence the trial court heard concerning the plaintiffs' and defendant's contentions. In the absence of such a record, we must presume the trial court had ample grounds supporting its determination.

We further note that the defendant's brief fails to comply with the rules for appellate briefs set forth in Supreme Court Rule 341 (134 Ill. 2d R. 341).

Rule 341(e) sets forth a basic outline for an appellant's brief. The defendant's brief meets few of these criteria. Most notably, his brief does not comply with subparagraph (6), which concerns the statement of facts, and subparagraph (7), which concerns the structure of the argument portion of the brief. In sum, we find that the brief submitted by the defendant fails to articulate an organized and cohesive legal argument for this court's consideration. See *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 371 N.E.2d 294.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

McCUSKEY, P.J., and BRESLIN, J., concur.