2022 IL App (1st) 200827-U

No. 1-20-0827

Order filed July 27, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HELENE TONIQUE WILLIAMS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellant | ) ) | No. 2020CONC000314 |
| | ) ) | Honorable |
| (Judge Carol Kipperman, Appellee). | ) ) | Carol Kipperman, Judge, presiding. |

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed.  The record discloses no basis to overturn the trial court's judgment refusing to waive notice-and-publication requirement for petitioner's request for name change.

¶ 2    Petitioner Helene Tonique Williams appeals *pro se* from the circuit court's order denying her motion to waive notice and publication of her request for a name change. She named the circuit court judge who denied her motion as appellee. Although the appellee has not filed a response brief in this court, we may proceed under the principles set forth in *First Capitol Mortgage Corp.*

*v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on petitioner's brief and the record alone. For the reasons given below, we affirm the judgment.

¶ 3    The following facts are gleaned from the limited record on appeal, which consists of a 38-page common law record. On February 27, 2020, petitioner filed a request for name change in the circuit court. On July 7, 2020, she filed a motion to waive notice and publication of the name change. In the motion, she asserted that notice and publication of the name change would put her at risk of physical harm and/or discrimination because she had an "active federal assault lawsuit" against a man whom she alleged was illegally allowed to be her co-parent and was a Secret Service agent "who served for Bill/Hillary Clinton who's under investigation for child sex trafficking, pizza gate, pedophilia."

¶ 4    Petitioner also stated that she is a member of a judicial watchdog group that was "granted the right to put Hillary Clinton on trial." Finally, petitioner alleged that the Department of Children and Family Services and the Illinois Department of Human Rights denied her the right to know or have any information about her biological mother.

¶ 5    On July 21, 2020, the circuit court denied petitioner's motion to waive notice and publication, finding that notice and publication would not put her at risk of physical harm or discrimination, nor was petitioner protected under any of the list of enumerated statutes regarding orders of protection or the like. The court indicated that the motion was denied because petitioner had not provided sufficient documentation of risk, as required by statute. See 735 ILCS 5/21-103(b-5) (West 2020).

¶ 6    Petitioner filed a notice of appeal that same day, writing that she would "like to have my waiver of publication notice/motion waived for identity protection for vital name change court."

After two extensions of time, she filed her brief before this court. We ultimately took the case on appellant's brief only, as noted above.

¶ 7    Petitioner's *pro se* brief in this court consists solely of one handwritten paragraph. In the paragraph, she states that she "want[s] to pursue a name change" from the name given to her by her foster parents to the name given to her at birth. She asserts that she is no longer "connected to" her foster family, "had to sue them," and does not want her name change to be made public for safety purposes. Petitioner further states that she "did a waiver for my information to be released to the public, but was denied." She states that the purpose of her appeal is to be granted the right to change her name and that, in addition, she would "like to be granted the right for my vital name change update not to be released to the public." Petitioner concludes her brief with an assertion that she would like "these new changes" to be made to her birth certificate in the vital records department.

¶ 8    The statute allowing for waiver of the notice-and-publication requirement for a name change provides that the individual applying for that waiver "must provide evidence to support the claim that publishing notice of the name change would put the person at risk of physical harm or discrimination." *Id*. As noted, the court found that petitioner here did not supply sufficient documentation.

¶ 9    The record on appeal contains no such documentation, beyond the written statement from petitioner in her motion below. If petitioner did, in fact, bolster her claims with any documentation at the trial level, we are unable to review it. Nor have we been provided with any transcript of proceedings to know if any oral testimony was provided.

¶ 10    Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) provides that an appellant's brief must contain a summary statement; an introductory paragraph; a statement of the issue or issues presented for review; a statement of jurisdiction; the pertinent parts of any relevant statute or similar authority; a statement of facts; argument, containing the appellant's contentions and the reasons therefor, with citation to the record and the authorities upon which the appellant relies; a conclusion; and an appendix.

¶ 11    Petitioner's brief, in contrast, contains only a single paragraph of pure argument. Petitioner essentially re-argues her position but does not attempt to explain how the trial court's finding was in error.

¶ 12    Even if we were willing to forgive a *pro se* litigant's failure to include all the necessary portions of an appellate brief, we still must have a basis to review the judgment below. The trial court ruled that petitioner failed to sufficiently document her claims, and without any such documentation in the record on appeal, and no transcript of the proceedings, we have no basis to find that the trial court's judgment was erroneous.

¶ 13    Unfortunately, we are thus unable to proceed further with our review. It is the appellant's duty to present a sufficiently complete record to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This duty applies even to *pro se* litigants. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993). Any doubts arising from the incompleteness of the record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392.

¶ 14    Finding no basis to disagree with the trial court's reasoning, we have no choice but to affirm the judgment below.

¶ 15    Affirmed.