2024 IL App (1st) 221171-U

No. 1-22-1171

Order filed February 28, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HOLLYWOOD TERRACE CONDOMINIUM ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20211706399 |
| KATIE MATTHEWS, | ) ) ) | Honorable Theresa Marie Smith Conyers, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the circuit court's judgment because defendant failed to provide a sufficient record allowing us to review her claims of error. We deny defendant's motion to consolidate as moot.

¶ 2     Defendant Katie Matthews appeals *pro se* from the trial court's eviction order against her and in favor of plaintiff Hollywood Terrace Condominium Association (Hollywood Terrace). She has also filed a motion to consolidate this appeal with a related appeal under case number 1-22-

1333. For the following reasons, we dismiss this appeal and deny Matthews's motion to consolidate as moot.

¶ 3    This case involves Matthews' condominium located on the 1000 block of West Hollywood Avenue in Chicago. On October 13, 2021, Hollywood Terrace issued a notice of eviction to Matthews based on unpaid common expenses and late charges. Matthews did not make payment under section 9-104.1 of the Code of Civil Procedure (735 ILCS 5/9-104.1 (West 2020)), which allows a condominium owner 30 days to make payment before a party seeking possession of the condominium can file an eviction action.

¶ 4    On November 18, 2021, Hollywood Terrace sued Matthews for unpaid common expenses, late charges, attorney fees, and possession of the condominium pursuant to section 9-102 (*id.* § 9-102). On August 3, 2022, following a bench trial, the trial court entered an eviction order against Matthews and in favor of Hollywood Terrace and also awarded damages.

¶ 5    Matthews timely appealed.

¶ 6    On appeal, Matthews argues that the eviction order was in error because she paid property taxes and assessment fees as the owner of the condominium, but Hollywood Terrace brought the eviction action against her as a tenant renting the condominium. Additionally, Matthews moves to consolidate this appeal with another appeal, case number 1-22-1333, which was dismissed for want of prosecution on March 8, 2023.

¶ 7    The appellant is required to provide a complete and sufficient record such that we can review her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This burden applies even if the appellant is *pro* se. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993). When the record on appeal is incomplete, we must presume that the trial court's order followed

Illinois law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Any doubts that arise from an incomplete or insufficient record will be construed against the appellant. *Id.* This court may dismiss an appeal due to an appellant's failure to provide a sufficient record.

¶ 8     Illinois Supreme Court Rule 321 provides that the record on appeal must include a report of proceedings complying with Rule 323. Ill. Sup. Ct. R. 321 (eff. Oct. 1, 2021). Under Rule 323(a), a report of proceedings should include "evidence, oral rulings of the trial judge, a brief statement of the trial judge of the reasons for his decision, and any other proceedings that the party submitting it desires to have incorporated in the record on appeal." Ill. Sup. Ct. R. 323(a) (eff. July 1, 2017). If no transcript of the proceedings is available, Rule 323(c) allows the appellant to file a bystander's report, which is a document that describes what occurred at trial and includes parties' or attorneys' statements or testimony and the judge's statements. Ill. Sup. Ct. R. 323(c) (eff. July 1, 2017).

¶ 9     Matthews, as the appellant, must provide an adequate report of proceedings that satisfies Rules 321 and 323. She has failed to do so. The record on appeal lacks a report of proceedings of the August 3, 2022, bench trial, and Matthews also failed to provide a bystander's report. Nothing in the record reflects the evidence or testimony introduced at trial. As a result, the record on appeal is incomplete and we cannot determine the basis for the trial court's ruling. To put it simply, we cannot review Matthews' claim of trial error if the record does not show what happened at trial. We presume that the trial court's judgment in favor of Hollywood Terrace follows Illinois law and has a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 392. Accordingly, we dismiss this appeal. See *Graves*, 2020 IL App (1st) 181516, ¶ 40.

¶ 10    Finally, as noted above, this court dismissed Matthews' related appeal under case number 1-22-1333 for want of prosecution on March 8, 2023. Her motion to consolidate that appeal with this appeal is moot. Accordingly, we deny Matthews's motion to consolidate.

¶ 11    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 12    Affirmed.