2025 IL App (1st) 240444-U

No. 1-24-0444

Order filed April 3, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STAN VAN HOOSE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 104971 |
| | ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) | Honorable |
| | ) | Regina A. Mescall, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's denials of plaintiff's motions for summary judgment merged with
its trial judgment and are not reviewable on appeal. Where plaintiff has failed to
present a sufficiently complete record on appeal for our review, we affirm the trial
court's judgment granting defendant's motion for a directed verdict at the close of
evidence.

¶ 2    In this small claims action, which proceeded to a jury trial, plaintiff Stan Van Hoose

appeals *pro se* after the trial court granted a motion brought by defendant, Comcast Cable

Communications, LLC, for a directed verdict at the close of evidence.[1] On appeal, plaintiff contends the trial court erred in denying his motions for summary judgment and in granting defendant's motion for a directed verdict. Because plaintiff has not provided a sufficiently complete record for our review on appeal, we affirm the trial court's grant of a directed verdict. We dismiss plaintiff's appeal from the trial court's denial of his motions for summary judgment.

¶ 3       The following background is derived from the limited record on appeal, which consists solely of the common law record. No reports of proceedings are included in the record.

¶ 4       On March 2, 2023, plaintiff filed a *pro se* small claims complaint against defendant "pursuant to frauds statute," claiming that defendant denied him phone service on "09/2022 and thereafter," despite his making routine payments. Plaintiff sought $5,000, court costs, and the restoration of phone services. Defendant filed an answer, denying the allegations in the complaint and denying that it was liable to plaintiff for fraud or any other cause of action.

¶ 5       Following an arbitration hearing on September 20, 2023, a panel of arbitrators found in favor of defendant and against plaintiff. Thereafter, on September 28, 2023, and on October 6, 2023, plaintiff filed a first and a second motion for summary judgment. On October 16, 2023, plaintiff filed a notice of rejection of the arbitrators' award. Also on October 16, 2023, the trial court issued an order entering plaintiff's first and second motions for summary judgment, continuing them to November 1, 2023, and setting a date for defendant to file a response.

¶ 6       On November 1, 2023, the trial court entered an order denying plaintiff's first and second motions for summary judgment. On November 17, 2023, plaintiff filed a third motion for summary

---

[1] In numerous documents in the record and in its appellee's brief, Comcast Cable Communications, LLC, notes that it was erroneously named as "The Corporation Company, Comcast, Xfinity Mobile" in plaintiff's complaint.

judgment and an accompanying specification of errors and, on December 20, 2023, he filed a fourth motion for summary judgment and an accompanying specification of errors. On January 8, 2024, the trial court entered an order denying plaintiff's third motion for summary judgment and specification of errors and striking his fourth motion for summary judgment and specification of errors. The court also prohibited plaintiff from filing further motions for summary judgment and specification of errors without prior leave of court and scheduled a six-person jury trial.

¶ 7      Trial commenced on February 22, 2024. Plaintiff presented himself as a witness in his case-in-chief. At the conclusion of plaintiff's testimony, defendant moved for a directed verdict. The trial court denied the motion. Defendant proceeded with its case, during which it presented the testimony of an Xfinity supervisor in executive customer relations. Defendant then renewed its motion for a directed verdict, which the trial court granted in a written order. In the order, the court set forth its findings that plaintiff had presented no evidence establishing that defendant committed fraud, misrepresentation, deceit, or breach of contract, and had presented no evidence of damages.

¶ 8      Plaintiff filed a timely notice of appeal on March 1, 2024, identifying the dates of the judgments being appealed as October 16, 2023, January 8, 2024, and February 22, 2024.[2] As noted above, on those dates, the trial court respectively (1) entered plaintiff's first and second motions for summary judgment, continued them, and set a date for defendant to file a response, (2) denied plaintiff's third motion for summary judgment and struck his fourth motion for summary judgment, and (3) granted defendant's motion for a directed verdict.

_____

[2] Although the notice of appeal lists the date "08 Jan 2023," it is clear from the record that plaintiff is appealing the trial court's order of January 8, 2024, because the complaint was not filed until March 2, 2023.

¶ 9    In his brief, plaintiff makes no argument regarding the continuance order entered on October 16, 2023, which he identified in his notice of appeal as an order he wanted to appeal. See Illinois Supreme Court Rule 341(h)(6), (7) (eff. Oct. 1, 2020) (appellant's brief is to contain a coherent statement of facts and an argument section containing contentions and the reasons therefor, with citation of the authorities and the pages of the record relied on). Rather, he appears to contend generally that the trial court erred in denying his motions for summary judgment and in granting defendant's motion for a directed verdict.

¶ 10    An issue that is not clearly defined and sufficiently presented is forfeited. *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33. Thus, as plaintiff has made no argument in his brief regarding the continuance order, a challenge to that order is insufficiently presented to be considered on appeal and is forfeited. See *People v. Nere*, 2018 IL 122566, ¶ 25 (a reviewing court must confine its analysis to issues that are sufficiently developed by the appellant); *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5 (*pro se* litigants are not excused from following rules that dictate the form and content of appellate briefs).

¶ 11    We next address plaintiff's challenge to the trial court's rejection of his motions for summary judgment. An order denying a motion for summary judgment is not reviewable after an evidentiary trial, as any error in the denial of summary judgment is merged in the subsequent trial judgment. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 355 (2002); *C. Szabo Contracting, Inc. v. Lorig Construction Co.*, 2014 IL App (2d) 131328, ¶ 19 n.2. The rationale for this rule is that reviewing the denial of a motion for summary judgment would be unjust to the prevailing party, who obtained a judgment after the evidence was more completely presented. *Belleville Toyota, Inc.*, 199 Ill. 2d at 355.

¶ 12    Here, the matter proceeded to a trial where both parties presented evidence and a judgment was entered based on that evidence. Thus, any error in the denial of plaintiff's motions for summary judgment merged into the trial result and is not separately reviewable on appeal. *Id.* Whether summary judgment in plaintiff's favor would have been appropriate is implicitly addressed within the context of a challenge to the trial result. See *In re Estate of Funk*, 221 Ill. 2d 30, 85 (2006); *Paz v. Commonwealth Edison*, 314 Ill. App. 3d 591, 594 (2000). Consequently, we dismiss the portion of plaintiff's appeal challenging the denial of his motions for summary judgment. *Kroot v. Chan*, 2017 IL App (1st) 162315, ¶ 10.

¶ 13    Last, we address plaintiff's challenge to the trial court's grant of defendant's motion for a directed verdict at the close of evidence. We find the record insufficient for our review of the claim as plaintiff has not included in the record on appeal any transcripts of proceedings from the February 22, 2024, jury trial, nor any acceptable substitutes, such as a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 14    Our supreme court has long held that, in order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This duty applies even to *pro se* litigants (*Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993)) and in appeals from judgments in small claims cases (*Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994)). Any doubts arising from an incomplete record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. In the absence of transcripts or acceptable substitutes, it is presumed that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. Where the record on appeal is inadequate to

support a claim of error, this court may dismiss an appeal or, as an alternative, summarily affirm the circuit court's judgment. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 15    Pursuant to section 2-1202 of the Code of Civil Procedure (Code), a party may move for a directed verdict at the close of the evidence and before the case is submitted to the jury. 735 ILCS 5/2-1202(a) (West 2024). When a party makes such a motion in a jury trial, the trial court must view all the evidence in the light most favorable to the non-moving party and may grant the motion only if the evidence so overwhelmingly favors the movant that a verdict in the opponent's favor could never stand. *Barnes v. Michalski*, 399 Ill. App. 3d 254, 262 (2010) (citing *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967)). A defendant is entitled to a directed verdict when the plaintiff has failed to present "at least some evidence on every essential element of the cause of action." *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 123 (2004). Our review of a trial court's decision on a motion for a directed verdict is *de novo*. *Barnes*, 399 Ill. App. 3d at 262.

¶ 16    Here, the trial court's order granting the motion for a directed verdict states that plaintiff testified in his case-in-chief and that defendant presented one witness. The court found that plaintiff had presented no evidence that defendant had engaged in fraud, misrepresentation, deceit, or breach of contract, and had presented no evidence of damages. Reviewing the trial court's findings *de novo* requires us to perform the same analysis as the trial court, that is, to ask whether all the evidence, viewed in a light most favorable to plaintiff, so overwhelmingly favors defendant that no contrary verdict could ever stand. See *Barnes*, 399 Ill. App. 3d at 262. However, the record on appeal does not reveal what testimony the witnesses provided or whether any other evidence was presented at the trial. Given the applicable standard of review in this case, a transcript of

proceedings or acceptable substitute is necessary for us to reach the merits of this appeal. See, *e.g.*, *National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30.

¶ 17   Based on the record presented, we cannot determine whether a directed verdict in defendant's favor was proper. In the absence of a record that is adequate to support plaintiff's claim of error, we must presume that the court followed the law and had a sufficient factual basis for its ruling. *Foutch*, 99 Ill. 2d at 392. Accordingly, plaintiff's challenge to the trial court's order granting defendant's motion for a directed verdict fails, and we affirm that judgment.

¶ 18   For the reasons explained above, we dismiss plaintiff's appeal from the denial of his motions for summary judgment and otherwise affirm the judgment of the circuit court.

¶ 19   Dismissed in part; affirmed.