NOTICE

Decision filed 09/26/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250014-U

NO. 5-25-0014

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ESLEY D. CARTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 24-SC-1158 |
| | ) | |
| ARM PROFESSIONAL SERVICES, INC., | ) | Honorable |
| | ) | Ronda D. Holliman, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Sholar concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where, after plaintiff filed a small claims complaint, his motion for summary judgment was stricken for failure to obtain leave of court, and subsequent to a bench trial, a judgment was entered in favor of defendant, we affirm the decision to strike the motion and affirm the judgment in favor of defendant.

¶ 2   Plaintiff filed a small claims complaint against defendant, alleging violations of federal and state statutes. After striking plaintiff's motion for summary judgment and conducting a bench trial, the court rendered judgment in favor of defendant. Plaintiff appeals, contending that the court erred in striking his motion for summary judgment and in its determination in favor of defendant following the bench trial. For the reasons outlined below, we affirm the judgment of the circuit court in favor of defendant.

1

¶ 3                                    I. BACKGROUND

¶ 4      On June 27, 2024, plaintiff Esley D. Carter filed a 14-page *pro se* small claims complaint against defendant ARM Professional Services, LLC. The complaint was filed pursuant to the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 *et seq.* (2018)), the Collection Agency Act (CAA) (205 ILCS 740/1 *et seq.* (West 2022)), and the "Illinois Invasion of Privacy Act under Section 652B of the Restatement of Torts." Defendant, a collection agency, had contacted plaintiff via email in an attempt to recover a debt amounting to $2,487.19. Plaintiff contested the debt and communicated with defendant through electronic mail, postal mail, and numerous telephone conversations. The complaint asserted that plaintiff was never provided with an explanation of the debt. He alleged that he was "unfairly and unnecessarily harassed" by defendant and claimed damages for "invasion of privacy, emotional distress, loss of creditworthiness, money, time, damage to credit profile, damage to personal reputation." The plaintiff also alleged violations of multiple provisions of the FDCPA, including claiming that defendant (1) failed to disclose the correct amount requested within five days; (2) sought legal costs and utility charges without an underlying basis; (3) "communicated the fraudulent" claimed amounts to credit bureaus; and (4) used violence or criminal means to collect the debt. Plaintiff sought monetary compensation of $1,000 for each violation, as well as actual damages. He similarly asserted that defendant violated several sections of the CAA and sought, among other relief, injunctive relief, monetary damages totaling $5,000, and punitive damages. Additionally, he claimed that defendant violated the "Restatement (Second) of Torts 652B," requesting both actual and punitive damages. On the same date, plaintiff submitted a supplementary document containing 21 exhibits, including "audio" of phone calls.

¶ 5    Defendant was served on July 29, 2024, and on September 20, 2024, filed a *pro se* motion to dismiss, which only argued "Motion to Dismiss as to no wrongdoing of FDCPA law."

¶ 6    Plaintiff filed a motion to dismiss defendant's motion to dismiss on October 17, 2024. He contended that defendant's motion to dismiss should be dismissed on the grounds that it "failed to state a claim upon which relief can be asserted." He noted that defendant did not include any defenses and only referenced the FDCPA claim, neglecting to address his other claims. He requested that the motion to dismiss be dismissed with prejudice.

¶ 7    On October 17, 2024, plaintiff filed a motion for summary judgment, asserting that he was entitled to relief due to defendant's failure to provide "any evidence, rules, or statutes" in support of its defense.

¶ 8    On October 30, 2024, the parties appeared before the circuit court. Although no report of proceedings has been made available for our review, a docket entry indicates that the court found defendant's motion to dismiss lacked a legal argument and was consequently denied. Plaintiff's motion for summary judgment was stricken due to his failure to obtain leave of court prior to filing the motion. The case was scheduled for a bench trial on November 11, 2024.

¶ 9    On November 1, 2024, plaintiff filed a motion seeking a default judgment, "or in the alternative 'leave to discovery.' " He requested that a default judgment be issued due to defendant's failure to file an answer within the prescribed time frame, or, in the alternative, that leave for discovery be granted.

¶ 10   On November 4, 2024, defendant filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2022)). It maintained that it had consistently adhered to all requisite procedures in its efforts to collect the debt. Additionally,

3

defendant affirmed that it had responded to plaintiff's request for itemization of the debt and denied any violation of the statutes cited in plaintiff's complaint.

¶ 11    On November 11, 2024, a bench trial was conducted. While no report of proceedings was provided for our review, a docket entry for that date indicates that the circuit court struck defendant's motion to dismiss due to its filing without prior leave of court. The court observed that it would proceed pursuant to Illinois Supreme Court Rule 286 (eff. Feb. 2, 2023). Witness testimony was heard, numerous exhibits were admitted into evidence, closing arguments were presented, and the case was taken under advisement with a scheduled ruling date of December 17, 2024.

¶ 12    On December 17, 2024, the circuit court orally issued a detailed ruling. It stated that it had jurisdiction to adjudicate the federal claims of the FDCPA pursuant to 15 U.S.C. § 1692(k) (2018) and affirmed that plaintiff's claims were within the one-year statute of limitations. Concerning the plaintiff's allegation that defendant violated the FDCPA, the court outlined the obligations of a collector to verify the debt and to communicate this verification to the debtor. The court further stated that defendant went "way beyond" those requirements in that it communicated with the original creditor "to confirm the debt, asked additional questions. They went over documents. They provided the plaintiff with additional documents, to the point where they ended up actually reducing the amount of debt through that verification process." The court observed that a creditor's obligation was solely to verify the debt and did not extend to an independent investigation of the amount owed. It indicated that defendant verified the original debt and subsequently provided additional documentation to plaintiff. The court determined that defendant did not act fraudulently in reporting the debt amount to the credit bureaus, as they acted based on the information provided to them. Moreover, it noted that defendant did not engage in harassment, having contacted plaintiff

4

only once by phone and ceasing contact after plaintiff expressed a desire not to be contacted. Conversely, plaintiff harassed defendant by making multiple calls and uttering threatening, intimidating, and vulgar statements. The testimony of one of defendant's witnesses, deemed highly credible by the court, corroborated receipt of some of the threatening and vulgar calls made by plaintiff. It was also established that the lease agreement signed by plaintiff authorized the amounts claimed by defendant. Regarding plaintiff's claim under the CAA, the court acknowledged that this act does not permit private causes of action, thereby precluding consideration of this claim. The court concluded that plaintiff "failed to prove a violation of the federal claims" and, as to the state claims, found that there was no private right of action under that statute. The court rendered judgment in favor of defendant and against plaintiff. Plaintiff timely filed a *pro se* notice of appeal.

¶ 13                                    II. ANALYSIS

¶ 14     On appeal, plaintiff contends that the circuit court erred in striking his motion for summary judgment due to his failure to obtain prior leave of court. He asserts that section 2-1005(a) of the Code of Civil Procedure (735 ILCS 5/2-1005(a) (West 2022)) and Federal Rules of Civil Procedure 56(b) (2018) permit him to file a motion for summary judgment at any time, and accordingly requests that his motion be reinstated. Furthermore, he claims that the court failed to apply the law regarding the FDCPA properly and did not hear his claims under the Restatement of Torts. Additionally, he argues that the court erred in ruling in favor of defendant on the CAA claim, as no private right of action exists under that statute. His final contention is that the court erred in restricting him to presenting evidence solely concerning the CAA claim and subsequently ruling against him on both the state and federal claims.

¶ 15     In response, defendant asserts that the circuit court ruled correctly, as the record confirms their compliance with the FDCPA. It emphasizes that the CCA does not "create a private right of

5

action." It noted that plaintiff was able to present all of his evidence during the trial. It concludes that the court's ruling was supported by the record and the law, and requests that we affirm the ruling in its favor.

¶ 16 Plaintiff initially contends that the circuit court erred in striking his motion for summary judgment for his failure to obtain leave of court. He maintains that he is entitled to file a motion for summary judgment at any time. We disagree. Plaintiff filed his complaint as a small claims matter and is consequently subject to the rules governing such cases. Illinois Supreme Court Rule 287 states that "[e]xcept as provided in sections 2-619 and 2-1001 of the Code of Civil Procedure, no motion shall be filed in small claims cases, without prior leave of court." Ill. S. Ct. R. 287(b) (eff. Aug. 1, 1992). Motions for summary judgment are governed by section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2022)) and thus do not fall within the exception specified in the rule. "[W]here a statute lists the thing or things to which it refers, the inference is that all omissions are exclusions, even in the absence of limiting language." *McHenry County Defenders, Inc. v. City of Harvard*, 384 Ill. App. 3d 265, 282 (2008). Consequently, as motions for summary judgment are not included in the specified list, prior leave of court must be obtained before filing such motions. Plaintiff did not request leave of court prior to submitting his motion for summary judgment, and the circuit court did not err in striking the motion accordingly.

¶ 17 The remaining three arguments presented by plaintiff on appeal concern the decision rendered by the circuit court following a bench trial that occurred on November 11, 2024. Although a report of proceedings detailing the court's announcement of its decision was provided, one for the bench trial was not. "It is well established that, on appeal, the party claiming error has the burden of showing any irregularities that would justify reversal." *In re Linda B.*, 2017 IL 119392, ¶ 43 (citing *Flynn v. Vancil*, 41 Ill. 2d 236, 241 (1968)). For this court to adequately review claims

6

of error, plaintiff, as the appellant, was required to file either a report of proceedings from the hearing or a bystander's report, pursuant to Illinois Supreme Court Rule 321 (eff. Oct 1, 2021) and Illinois Supreme Court Rule 323 (eff. July 1, 2017). "It is the responsibility of every appellant to provide a complete record on appeal." *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 29 (citing *Abbey Plumbing & Heating, Inc. v. Brown*, 47 Ill. App. 3d 719, 720-21 (1977)). While *pro se* litigants are held to a lesser standard in complying with appeal rules, they are still "required to meet a minimum threshold in providing the court with an adequate record to review the issues raised on appeal." *Id.* (citing *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993)). Generally, "[t]o determine whether the [circuit] court made the error which appellant is claiming, a court of review must have before it the record of the proceedings where the error was allegedly made." *Id.* ¶ 31. When the appellate record is inadequate, the reviewing court will presume that the circuit court's order was consistent with recognized legal principles and had a sufficient factual basis. *Id.* ¶ 30. "[A]ny doubt arising from an incomplete record will be resolved against the appellant." *Id.* (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)).

¶ 18    Illinois Supreme Court Rule 323 (eff. July 1, 2017) outlines the contents and preparation of a report of proceedings, providing three different ways a report of proceedings can be properly submitted. "[A]n acceptable report of proceedings must necessarily comply with Rules 323(a) and 323(b), a conventional report of proceedings, Rule 323(c), a bystander's report or Rule 323(d), an agreed statement of facts. No other method or device is permitted or acceptable." *People v. Bruhn*, 51 Ill. App. 3d 269, 271 (1977). Here, the record on appeal does not contain any of these. "An issue relating to a [circuit] court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). The December 17, 2024, report of proceedings from the circuit court's

oral recitation does not provide us with all the details of the bench trial, which plaintiff has issues with. Because the record before us lacks reports of proceedings and is incomplete, we cannot conduct a "meaningful appellate review" of plaintiff's contentions. See *Amos Financial, LLC v. Szydlowski*, 2022 IL App (1st) 210046, ¶ 27. Without an adequate record, we must presume that the circuit court's December 17, 2024, ruling had a sufficient factual basis and conformed with the law. *Id.* Consequently, based on the record before us, we must affirm the circuit court's finding in favor of defendant. See *Foutch*, 99 Ill. 2d at 393.

¶ 19                                    III. CONCLUSION

¶ 20      Based on the foregoing reasons, we affirm the circuit court's finding in favor of defendant.


¶ 21      Affirmed.